UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| In Re: | Case No. 19-33909 |
|---|---|
| Eleni Papakostas Cintron, | Chapter 13 |
| Debtor. | Honorable David D. Cleary |

## AGREED DEFAULT ORDER

THIS CAUSE coming on to be heard upon the Motion for Relief from Automatic Stay and Motion for Relief from Co-Debtor Stay filed on behalf of Caliber Home Loans, Inc., (hereinafter referred to as "Movant"), a secured creditor or servicing agent for a secured creditor holding a lien on the Debtor's and Co-Debtor, Jose Cintron Jr., property commonly known as 228 W Frontage Rd, Northfield, Illinois 60093 (hereinafter referred to as the "Property"), all parties having notice, the Court having jurisdiction and being fully advised:

IT IS HEREBY ORDERED:

1. The current post-petition arrearage, through March 31, 2020, is $8,629.88. The arrears include:

> $1,031.00 attorney fees and costs;
> 4 (December 2019 - March 2020) payments @ $2,532.96 = $10,131.84; and
> Less funds received from Debtor on or about February 6, 2020 in the amount of $2,532.96.

2. Debtor shall tender the sum of $8,629.88 on or before March 31, 2020 to cure the arrears of $8,629.88 through March 31, 2020.

3. If the Debtor fails to timely pay two or more (i) regular monthly payments increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or similar matters; (ii) plan payments to the Chapter 13 Trustee; (iii) payments for property insurance and/or general real estate taxes; or (iv) Debtor fails to cure the arrears pursuant to paragraph 2 or 3 above, then the Debtor shall be deemed to be in default. Upon Movant's notice of the default to the Debtor, Co-Debtor and the Debtor's attorney, the Debtor shall have fourteen (14) days from the date the Notice of Default is filed, to cure the default. If the default is not cured within fourteen (14) days from the date the Notice of Default is filed, the automatic stay and Co-Debtor Stay shall be terminated as to the Property upon Movant

filing a Notice of Lifting with the Court. The filing of a Notice of Lifting shall have the legal effect of modifying the automatic stay and Co-Debtor Stay without further order of the Court.

4. The Debtor may avail herself of the cure provision set forth in paragraph 2, 3 or 4 above a total of two (2) times. In the event of a third (3rd) default, Movant may file a Notice of Lifting with the Court, and the automatic stay and Co-Debtor Stay will automatically modify without further Order as Debtor will no longer have the right to cure thereunder.

5. The Proof of Claim filed by Movant shall stand unaffected and payments made thereunder shall be paid to Movant until a Notice of Default and Notice of Lifting are filed with the Bankruptcy Court.

6. If the Debtor's Bankruptcy case is dismissed or converted to another Chapter, this agreed repayment order shall be void.

7. In the event that Heavner, Beyers & Mihlar, LLC should have to send out any Notices of Default, the Debtor shall pay an extra $50.00 per notice, as additional attorneys' fees, in addition to whatever funds are needed to cure the default and that said additional funds must be tendered prior to the expiration of the cure period as set-forth in the Notice.

AGREED:

Caliber Home Loans, Inc.

/s/ Amanda J. Wiese
Amanda J. Wiese
one of its attorneys

DATED: 3\16\2020

Eleni Papakostas Cintron

David H. Cutler, her attorney

ENTER:

Bankruptcy Judge

FAIQ MIHLAR (#6274089)
HEATHER M. GIANNINO (#6299848)
AMANDA J. WIESE (#6320552)
CHERYL CONSIDINE (#6242779)
PINJU CHIU (#6329542)
HEAVNER, BEYERS & MIHLAR, LLC
Attorneys at Law
P.O. Box 740
Decatur, IL 62525
Email: bkdept@hsbattys.com
Telephone: (217) 422-1719
Facsimile: (217) 422-1754